IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | | |
|---|---|---|
| CHRISTINE LEFONT and BRIAN BURNS, | : : : | |
| Plaintiffs, | : : | |
| v. | : : | Civil Action No. 2:10-CV-036-RWS-SSC |
| SUNTRUST MORTGAGE, INC., | : : | |
| Defendant | : | |

**FINAL REPORT AND RECOMMENDATION**

This case is before the court on SunTrust Mortgage, Inc.'s motion to dismiss. [Doc. 10]. For the reasons discussed below, it is **RECOMMENDED** that SunTrust's motion be **GRANTED**.

**I. Procedural Background**

On March 18, 2010, Plaintiffs, proceeding *pro se,* filed a complaint in which they allege that Defendant SunTrust Mortgage, Inc. ("SunTrust") violated the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601 *et seq.,* and 12 C.F.R. §§ 226.1 *et seq.* ("Regulation Z"), the Home Ownership and Equity Protection Act ("HOEPA"), 15 U.S.C. §§ 1639 *et seq.,* and the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §§ 2601 *et seq.,* in connection with July 27, 2007 and February 25, 2008 mortgage transactions. [Doc. 1]. In lieu of an answer, SunTrust filed the pending motion to dismiss [Doc. 10], Plaintiffs have filed a

response [Doc. 17], and SunTrust has filed a reply [Doc. 22].[1]

## II. **Plaintiffs' Complaint**

In their complaint, Plaintiffs allege that they are "ordinary citizen(s) trying to accomplish the American dream of real estate ownership." (Doc. 1, Compl. at 3). They allege that on July 27, 2007, they obtained a loan from SunTrust in the amount of $296,000.00, and that on February 25, 2008, they obtained an "equity Line second mortgage for $57,000.00." (Id. at 1). The purpose of the July 2007 loan was to purchase property located at 9 Cavender Run, Dahlonega, Georgia 30533. (Id.). Although Plaintiffs allege that SunTrust was the lender for the July 27, 2007 transaction, they do not allege that SunTrust was the lender for the February 25, 2008 transaction or identify that lender. SunTrust attached to its motion to dismiss [Doc. 10] the Security Deed for the July 27, 2007 loan transaction, which shows that Plaintiffs borrowed $296,000 from SunTrust Mortgage, Inc. (i.e., Defendant SunTrust), secured by the property at 9 Cavender Run, Dahlonega, Georgia 30533.[2] SunTrust also attached to its reply [Doc. 22] the Security Deed for the February 25, 2008 transaction, which shows that the

---

[1] Plaintiffs' response, filed over a month after the motion to dismiss was filed, is untimely, see LR 7.1B, NDGa., and Plaintiffs have not shown good cause for its untimely filing. However, in light of the fact that Plaintiffs are *pro se*, and because the undersigned finds that Plaintiffs' complaint should be dismissed on other grounds, namely, because it fails to state a claim upon which relief can be granted, the undersigned has considered Plaintiffs' untimely response.

[2] On a motion to dismiss, the court may consider documents attached to the complaint as well as documents attached to the motion to dismiss if those documents are central to the complaint and not in dispute. See Harris v. Ivax Corp., 182 F.3d 799, 802 n. 2 (11th Cir. 1999).

2

lender was SunTrust Bank, which is not a defendant in this case.[3] See Wright v. SunTrust Bank, No. 1:04-CV-2258-CC, 2006 U.S. Dist. LEXIS 72696, at *7 (N.D. Ga. Sept. 18, 2006) ("Plaintiff does not dispute that SunTrust Mortgage and SunTrust Bank are separate legal entities."). Thus, because Plaintiff has not asserted any claims against the lender for the February 25, 2008 loan, the only loan transaction at issue in this case is the July 27, 2007 loan.

Plaintiffs allege that "[t]his loan was a part of a pool of securities that have been sold for investment on Wall Street." (Doc. 1, Compl. at 1). They further allege that they were not given "[a]ll closing documents" prior to closing, including "Regulation Z early disclosure statements," the "Special Information Booklet," the "Controlled Business Arrangement (CBA) Disclosure" as required by 12 U.S.C. § 2607(c)(4), the "Notices of Cancellation," and the "preliminary disclosures . . . to price as required by 12 CFR § 226.17(b) and 226.19(a)." (Id. at 1-2).

Plaintiffs also allege that they sent a rescission letter "to the parties involved . . . due to the many violations." (Id. at 2).[4] They contend that "[t]his loan should be rescinded as per TILA 15 U.S.C. (b); Reg Z § 226.15(d)(1), 226.23(d)(1)[,] 226.15 and 226.23[,] Predatory Lending Practice 15 U.S.C. § 1602(a)(1)(A); Reg Z § 226.32(a)(i)," and that "[t]he Rescission is valid under the Federal Truth in Lending

---

[3] Plaintiffs appear to assert that SunTrust Bank is the "[p]resent loan servicer" (Compl., Doc. 1 at 3), but Plaintiffs do not name SunTrust Bank as a defendant or make any allegation of wrongdoing by SunTrust Bank.

[4] Although the complaint indicates that the rescission letter is attached as an exhibit (see Doc. 1, Compl. at 2), no exhibits are attached to the complaint.

Act ('TILA'[)], Home Ow[ner]s Equity Protection Act ('H.O.E.P.A'), and U.S. Treasury Regulation 'Z' (Reg Z) and the legal effects of a Rescission under these Statu[t]es." (Id. at 2).[5]

Plaintiffs further allege that they "have asked that the Note Holder show proof by Original promissory note as to whom the real holder on [sic] due course is." (Id. at 2). They contend that "[t]he Suntrust Trust [sic] Mortgage, Inc. as the note holder and servicer do [sic] not have standing." (Id. at 3).

Plaintiffs further contend that they have "been violated by the Defendant[']s deliberate failure to give [them] all the necessary disclosures and by the excessive fees charged during the closing and servicing of this loan." (Id. at 4). They seek to enjoin and restrain SunTrust permanently from violating TILA, Regulation Z and RESPA; they also seek "Rescission or Reformation of contract, the refund of monies paid, . . . disgorgement of ill-gotten gains," punitive damages, "statutory damages and equitable damages" and special damages. (Id.).

### III. Discussion

SunTrust moves to dismiss Plaintiffs' complaint pursuant to Fed. R. Civ. P. 12(b)(2) for Plaintiffs' failure to serve it properly, and pursuant to Fed. R. Civ. P. 12(b)(6) for failure of the complaint to state a claim upon which relief can be

---

[5] In their response to SunTrust's motion to dismiss [Doc. 17], Plaintiffs discuss several alleged violations of law by SunTrust that are not included in their complaint, including violations of Georgia's foreclosure statutes, fraud, bifurcation of security interests, promissory estoppel and predatory lending. Because these alleged violations are not contained in Plaintiffs' complaint, they will not be considered. See Cranman v. OneWest Bank F.S.B., No. 1:10-CV-0775-TWT-GGB, 2010 U.S. Dist. LEXIS 126596, at *2 n.2 (N.D. Ga. Oct. 29, 2010). ("These claims are not properly pled, as they are not a part of plaintiff[s'] complaint. Therefore, they have not been considered by the court."), adopted by 2010 U.S. Dist. LEXIS 126598 (N.D. Ga. Nov. 30, 2010).

4

granted. (Doc. 10, Mot. at 1). The undersigned agrees that Plaintiffs' complaint should be dismissed for failure to state a claim upon which relief can be granted, and therefore, does not reach the issue of whether Plaintiffs properly served SunTrust with the summons and complaint.

### A. Failure to State a Claim Upon Which Relief Can be Granted

Pursuant to Fed. R. Civ. P. 12(b)(6), SunTrust moves to dismiss Plaintiffs' complaint in its entirety for failure to state a claim upon which relief can be granted. (Doc. 10, Def. Br. at 4-9). SunTrust argues that "Plaintiffs made little effort to plead facts in support of their claims," and "[i]nstead, Plaintiffs rely on conclusory assertions and conclusions of law." (Id. at 6).

#### 1. Applicable Standards

Fed. R. Civ. P. 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." In order to state a claim that can survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," and "only a complaint that states a plausible claim for relief survives a motion to dismiss." Iqbal, 129 S. Ct. at 1949-50. To be plausible, the complaint must contain "well-pleaded facts" that "permit the court to infer more than the mere possibility of misconduct." Id. at 1950.

To survive a motion to dismiss, a complaint "does not need detailed factual allegations," but it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . ." Twombly, 550 U.S. at 555. "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 557). Furthermore, "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Twombly, 550 U.S. at 555 (citations and parenthetical material omitted); see also Boyd v. Peet, 249 F. App'x 155, 157 (11th Cir. 2007) (unpublished decision) (explaining, on review of the district court's order granting a motion for judgment on the pleadings, that "[t]he complaint's allegations must plausibly suggest that the defendant has a right to relief, raising that possibility above a 'speculative level'; if they do not, the plaintiff's complaint should be dismissed," and citing Twombly, 127 S. Ct. at 1965).

Because Plaintiffs are proceeding *pro se*, their complaint, "'however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). "Nevertheless, a *pro se* plaintiff must still comply with the threshold requirements of the Federal Rules of Civil Procedure." Cranman v. OneWest Bank F.S.B., No. 1:10-CV-0775-TWT-GGB, 2010 U.S. Dist. LEXIS 126596, at *6-7 (N.D. Ga. Oct. 29, 2010), adopted by 2010 U.S. Dist. LEXIS

6

126598 (N.D. Ga. Nov. 30, 2010).  " 'Even though a *pro se* complaint should be construed liberally, a *pro se* complaint must state a claim upon which the Court can grant relief.' " Id. at *7 (quoting Grigsby v. Thomas, 506 F. Supp. 2d 26, 28 (D.D.C. 2007)).

### 2.  **Plaintiffs' Complaint**

The undersigned finds that Plaintiffs' complaint fails to state a claim upon which relief may be granted.  Although they assert that they bring their complaint pursuant to several listed statutory and regulatory provisions, they fail to state with any particularity what actions SunTrust took that violated those statutes. Rather, their complaint generally consists of "labels and conclusions" and "naked assertions devoid of further factual enhancement"  Twombly, 550 U.S. at 555, 557. Plaintiffs' complaint appears similar to many filed by *pro se* litigants seeking to challenge and even eliminate debts owed under a loan transaction (typically a mortgage transaction) and to delay, prevent or reverse a foreclosure of the property securing the loan.  See, e.g., Searcy v. EMC Mortg. Corp., United States District Court for the Northern District of Georgia, Civil Action No. 1:10-CV-0965-WBH (District Court's September 30, 2010 Order discussing the promotion of schemes that "promise the poor souls who are in the throes of a residential mortgage foreclosure that they can file a pro-se lawsuit chock full of nonsensical legalese and magically make their debts disappear.").  In fact, it is virtually identical to those filed by other *pro se* litigants in this court, which have been dismissed for failure to state a claim upon which relief can be granted.  See, e.g.,

Cranman, 2010 U.S. Dist. LEXIS 126596; Clouse v. SunTrust Mortgage, Inc, et al., No. 1:10-CV-0377-TCB-SSC (N.D. Ga. dismissed Nov. 29, 2010); Clouse v. SunTrust Mortgage, Inc., et al, No. 1:10-CV-0217-RWS-CCH (N.D. Ga. dismissed Sept. 23, 2010); Webb v. SunTrust Mortgage, Inc., et al., No. 1:10-CV-307-TWT, 2010 U.S. Dist. LEXIS 75432 (N.D. Ga. July 23, 2010); Holmes v. SunTrust Mortgage, Inc., No. 1:09-CV-3692-TCB (N.D. Ga. dismissed Feb. 25, 2010).

In Cranman, the court considered the sufficiency of a complaint that contained allegations identical to those in this complaint and found:

> Plaintiff's complaint appears to be a form complaint, similar, if not identical to others previously filed by borrowers against their lenders in this court and in other federal courts across the country in order to forestall the foreclosure process. To the extent plaintiff's factual allegations can be discerned, they are far from sufficient to support any of the claims that plaintiff has asserted against the defendant in this action with regard to the loan transaction at issue in this case. Even as construed liberally for a *pro se* plaintiff, plaintiff's complaint fails to satisfy the rudimentary pleading requirements of *Rule 8(a)*.
>
> Specifically, plaintiff's complaint fails to state a plausible claim for relief under any of the federal statutes that he points to, including (but not limited to) TILA, Regulation Z (*12 C.F.R. § 226.1, et seq.*), HOEPA, and RESPA.

Cranman, 2010 U.S. Dist. LEXIS 126596, at *7.[6]

---

[6] The undersigned notes that Plaintiffs' response to the instant motion to dismiss [Doc. 17] contains arguments virtually identical to those in the response filed in Cranman (see docket entry 4 for case number 1:10cv775-TWT in this court's CM/ECF system). Furthermore, in both cases, the plaintiffs have attached to their responses a "Forensic Mortgage Audit Report" completed by "Richard Simpson" with "Foreclosure Experts." The reports provide no information about Mr. Simpson's qualifications to conduct a "Forensic Mortgage Audit," and no basis for any findings contained in those "audits." In In re Norwood v. Bank of America, No. 10-84443-PWB, 2010 Bankr. LEXIS 3811, at * 6 and n. 2 (Bankr. N.D. Ga. Oct. 21, 2010), the court considered a "Certified Forensic Loan Audit" submitted by the debtor, and noted that "[t]he Federal Trade Commission has issued a 'Consumer Alert' regarding 'Forensic Mortgage Loan Audit Scams.' See http://www.ftc.gov/bcp/edu/pubs/consumer/alerts/alt177.shtm."

The undersigned similarly finds in this case that, even taking Plaintiffs' *pro se* status into account, Plaintiffs have failed to satisfy the pleading requirements of Rule 8, Twombly and Iqbal. See Washington v. CSX Transp. (R.R.), No. CV408-247, 2009 U.S. Dist. LEXIS 129203, at *4-5 (S.D. Ga. Mar. 9, 2009)("[T]he *Twombly* pleading standard, even when applied to *pro se* plaintiffs, simply does not permit a Court to 'reverse-engineer' a plaintiff's conclusion that he is entitled to relief.  Instead, the plaintiff must plead facts and law showing *why* he is entitled to relief.  He thus must assert non-conclusory allegations supporting the elements of his claims."), adopted by 2009 U.S. Dist. LEXIS 39308 (S.D. Ga. May 8, 2009).

Accordingly, it is **RECOMMENDED** that SunTrust's motion to dismiss Plaintiffs' complaint for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) be **GRANTED**.

Alternatively, the undersigned recommends that Plaintiffs' claims should be dismissed for the reasons discussed below.

B.    **Plaintiffs' TILA, Regulation Z and HOEPA Claims**

    1.    **Statutory and Regulatory Background**

Congress enacted TILA "to assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit . . . ." 15 U.S.C. § 1601(a); see also Household Credit Servs., Inc. v. Pfennig, 541 U.S. 232, 235 (2004) (Congress enacted TILA "in order to promote the 'informed use of credit' by

9

consumers" (quoting 15 U.S.C. § 1601(a))). Generally, TILA and its implementing regulations, 12 C.F.R. §§ 226.1 *et seq.* ("Regulation Z"), require that a consumer in a closed-end credit transaction[7], such as the one at issue in this case, be provided "clearly and conspicuously in writing" "material disclosures" of certain terms relating to the subject transaction, including, among other things, the annual percentage rate, the finance charge, the amount financed, the total of payments and the payment schedule.  See 15 U.S.C. § 1638; 12 C.F.R. §§ 226.17, 226.18, 226.23(a)(3) n.48.

With respect to certain consumer credit transactions[8] in which a security interest will be retained or acquired in the consumer's principal dwelling (such as home equity loan transactions), TILA requires creditors to confer a right to rescind for a period of three business days "following the consummation of the transaction or the delivery of the information and rescission forms required under this section with a statement containing the material disclosures required under this title, whichever is later . . . ." See 15 U.S.C. §1635(a).  Under 15 U.S.C. § 1635(e)(1), residential mortgage transactions are exempt from the right of rescission. Regulation Z requires the creditor to notify the consumer in writing of the right to

---

[7] "Closed-end credit means consumer credit other than 'open-end' credit," which is defined as "consumer credit extended by a creditor under a plan in which: (i) The creditor reasonably contemplates repeated transactions; (ii) The creditor may impose a finance charge from time to time on an outstanding unpaid balance; and (iii) The amount of credit that may be extended to the consumer during the term of the plan (up to any limit set by the creditor) is generally made available to the extent that any outstanding balance is repaid."  12 C.F.R. §§ 226.2(a)(10) & (20).

[8] "Consumer credit means credit offered or extended to a consumer primarily for personal, family, or household purposes."  12 C.F.R. § 226.2(a)(12).

rescind, where it applies, and the procedures to be followed to rescind. See 12 C.F.R. §226.15(b) (open-end credit); § 226.23 (closed-end credit). "Where the lender violates TILA disclosure rules, the rescission period is extended to three years." Ward v. Lime Fin. Servs., Ltd., No. 09-0057-KD-N, 2009 U.S. Dist. LEXIS 98619, at *10 (S.D. Ala. Oct. 5, 2009) (citing Smith v. Highland Bank, 108 F.3d 1325, 1326 (11th Cir. 1997)), adopted by 2009 U.S. Dist. LEXIS 98530 (S.D. Ala. Oct. 21, 2009).

"HOEPA is an amendment to TILA that requires lenders to make additional disclosures on 'high cost' loans." Frazier v. Accredited Home Lenders, Inc., 607 F. Supp. 2d 1254, 1256 (M.D. Ala. 2009) (citing 15 U.S.C. § 1639). "HOEPA, as a 1994 amendment to TILA, provides additional truth-in-lending disclosure requirements applicable to closed-end home equity loans characterized by high interest rates and/or up-front transaction fees." Bryant v. Mortg. Capital Res. Corp., 197 F. Supp. 2d 1357, 1360 n.4 (N.D. Ga. 2002).

  2. **Non-Disclosure Claims**

Damages claims under TILA and Regulation Z for non-disclosure must be brought "within one year from the date of the occurrence of the violation." 15 U.S.C. § 1640(e). Because HOEPA simply amended TILA, it imposes the same one-year limitations period. See Martin v. Citimortgage, No. 1:10-CV-00656-TWT-AJB, 2010 U.S. Dist. LEXIS 88447, at *16 n.5 (N.D. Ga. Aug. 3, 2010) (noting that HOEPA "amended TILA," and "[t]herefore, the limitations period for HOEPA and TILA claims are the same" (citations omitted)), adopted by 2010 U.S. Dist. LEXIS

88677 (N.D. Ga. Aug. 25, 2010). In this case, the date of the occurrence of the alleged violation, i.e., the closing date, was July 27, 2007. See In re Smith, 737 F.2d 1549, 1552 (11th Cir. 1984) ("The violation 'occurs' when the transaction is consummated."). Thus Plaintiffs were required to bring their claim for damages under TILA, Regulation Z and HOEPA no later than July 27, 2008. Plaintiffs' TILA, Regulation Z and HOEPA claims for damages, filed March 18, 2010, therefore are barred by the one-year statute of limitations unless there is a basis for tolling that statute.

The limitations period may be subject to equitable tolling. "TILA's limitations period is subject to equitable tolling . . . in cases where the debtor has been prevented from bringing suit due to inequitable circumstances." Velardo v. Fremont Inv. & Loan, 298 F. App'x 890, 892 (11th Cir. 2008) (unpublished decision) (citing Ellis v. GMAC, 160 F.3d 703, 706 (11th Cir. 1998)); see also Bryant, 197 F. Supp. 2d at 1367 ("Equitable tolling is the doctrine which allows plaintiffs to sue after the expiration of the applicable statute of limitations, provided they have been prevented from doing so due to inequitable circumstances."). Equitable tolling is "an extraordinary remedy which should be extended only sparingly," and "[t]he burden is on the plaintiff to show that equitable tolling is warranted." Justice v. United States, 6 F.3d 1474, 1479 (11th Cir. 1993). "To qualify for the protections afforded by equitable tolling, plaintiff[] must show:

(1) [Defendants] engaged in a course of conduct designed to conceal

> evidence of [their] alleged wrongdoing; (2) plaintiff[ was] not on actual or constructive notice of that evidence; and (3) plaintiff[] exercised due diligence.

Bryant, 197 F. Supp. 2d at 1367 (citing Pedraza v. United Guaranty Corp., 114 F. Supp. 2d 1347, 1354 (S.D. Ga. 2000)).

"The TILA statute of limitations may be equitably tolled where a defendant has fraudulently concealed the cause of action from the plaintiff." Carrillo v. Bank of New York, No. 09-61642-CIV-UNGARO, 2009 U.S. Dist. LEXIS 124987, at *7 (S.D. Fla. Dec. 20, 2009) (citing Ellis, 160 F.3d at 708). However, courts have denied equitable tolling " '[w]here a plaintiff relies . . . on the same allegations of fraud which constitute the TILA violation (such as failing to disclose certain finance charges) to prove fraudulent concealment' because 'if failure to make TILA disclosures also tolled the limitations period for pursuing TILA claims, then the statute of limitations would be rendered meaningless because those non-disclosures are the very essence of a TILA violation in the first place.' " Id. at *7-8 (quoting Grinke v. Countrywide Home Loans, Inc., No. 08-23383-CIV, 2009 U.S. Dist. LEXIS 82655, at *6-7 (S.D. Fla. Aug. 24, 2009)).

In response to SunTrust's motion, Plaintiffs contend that "Fraud has an equitable Tolling period and Plaintiff was not aware that her [sic] loan was fraudulent until Forensic audit was performed in May 31, 2010." (Doc. 17, Pl. Br. at 3). Plaintiffs have not, however, asserted any facts in their complaint that would support a finding that the limitations period is subject to equitable tolling due to alleged fraud. In their complaint, Plaintiffs simply assert that SunTrust

failed to give them certain disclosures or documents required by the listed statutes, but they allege no facts to show that SunTrust "fraudulently concealed the cause of action" from them. Therefore, they have not established that the statute of limitations period for their TILA, Regulation Z and HOEPA claims should be equitably tolled.

Accordingly, it is **RECOMMENDED** that SunTrust's motion to dismiss Plaintiffs' TILA, Regulation Z and HOEPA non-disclosure claims for damages be **GRANTED**.

### 3. Rescission Claims

SunTrust argues that Plaintiffs cannot maintain a rescission claim with respect to the July 27, 2007 transaction "because it was a residential mortgage transaction." (Doc. 10, Def. Br. at 9). As noted, a residential mortgage transaction is not subject to rescission under TILA, Regulation Z and HOEPA. See 15 U.S.C. § 1635(e)(1); see also 15 U.S.C. § 1602(bb)[9]; 12 C.F.R. § 226.23(f)(1). TILA defines a "residential mortgage transaction" as a "transaction in which a mortgage . . . is created or retained against the consumer's dwelling to finance the acquisition or initial construction of such dwelling." 15 U.S.C. § 1602(x).

---

[9] 15 U.S.C. § 1602(bb)(1) provides in relevant part that "[a] mortgage [covered by HOEPA] means a consumer credit transaction that is secured by the consumer's principal dwelling, **other than a residential mortgage transaction** . . . ." (emphasis added). Therefore, Plaintiffs' HOEPA claims are barred entirely because, as discussed *infra*, the loan at issue was a residential mortgage transaction. See, e.g., Simpson v. Countrywide Home Loans, No. 1:10-CV-224-CAM-ECS, 2010 U.S. Dist. LEXIS 81389, at *11-12 (N.D. Ga. Apr. 26, 2010) (finding that the plaintiff's HOEPA claim should be dismissed because "the loan transaction was a residential mortgage transaction"), adopted by 2010 U.S. Dist. LEXIS 81384 (Aug. 11, 2010); Wilson v. First Franklin Fin. Corp., No. S-08-2572 FCD/JFM, 2010 U.S. Dist. LEXIS 52255, at *7 (E.D. Cal. May 25, 2010) (same).

In their complaint, Plaintiffs assert that "[t]he loan was for a **purchase** of the property located at 9 Cavender Run, Dahlonega, Georgia 30533 . . . ." (Doc. 1, Compl. at 1) (emphasis added). Thus, according to Plaintiffs' allegations, the purpose of the loan was to "finance the acquisition" of the property. The issue, then, is whether the subject property was Plaintiffs' "dwelling." Plaintiffs do not address SunTrust's argument that their rescission claims fail because the loan at issue was a residential mortgage transaction. In fact, Plaintiffs do not appear to contest that the subject property was their dwelling as they assert in response to SunTrust's motion that "[a] borrower whose loan is secured by his or her **principal dwelling** has the right to rescind, unless the loan is not intended primarily for personal family purposes, or the loan is a purchase money loan." (Doc. 17, Pl. Br. at 24) (emphasis added). Moreover, Plaintiffs provided the court with the address at issue, 9 Cavender Run, Dahlonega, Georgia 30533 as their mailing address, and the undersigned takes judicial notice of the fact that in a separate lawsuit filed by Plaintiffs involving the subject property, see <u>Lefont, et al. v. SunTrust Mortgage Inc., et al</u>, Civil Action No. 2:10-CV-0073-RWS (N.D. Ga. dismissed Aug. 16, 2010), Plaintiffs refer to the subject property as their residence. (<u>See</u> Compl., attached to Doc. 1 in 2:10-CV-0073-RWS, at ¶¶ 4, 16, 23).[10]

---

[10] A court "may take judicial notice of certain facts without converting a motion to dismiss into a motion for summary judgment," including documents in a plaintiff's previous case, "which were public records that were 'not subject to reasonable dispute' because they were 'capable of accurate and ready determination by resort to sources whose accuracy could not reasonably be questioned.'" <u>Horne v. Potter</u>, No. 10-10561, 2010 U.S. App. LEXIS 17095, at *5 (11th Cir. Aug.

15

Because the loan at issue is a residential mortgage transaction, it is not subject to rescission pursuant to 15 U.S.C. § 1635(e)(1).  Therefore, it is **RECOMMENDED** that SunTrust's motion to dismiss Plaintiffs' claims for rescission under TILA, Regulation Z and HOEPA be **GRANTED**.  See, e.g., Brooks v. SunTrust Bank Mortg., Inc., No. 6:10-cv-821-Orl-31GJK, 2010 U.S. Dist. LEXIS 87786, at *9 (M.D. Fla. Aug. 25, 2010) (granting motion to dismiss TILA rescission claim for failure to state a claim because "a residential mortgage transaction is not subject to rescission under TILA" (citing 12 C.F.R. §§ 226.23(f)(1), 226.2(a)(24); Perkins v. Cent. Mortg. Co., 422 F. Supp. 2d 487 (E.D. Pa. 2006)).[11]

### C.  Plaintiffs' RESPA Claim

Congress passed RESPA "to effect certain changes in the settlement process for residential real estate," including, among other things, the provision of "more effective advance disclosure to home buyers and sellers of settlement costs," and "the elimination of kickbacks or referral fees that tend to increase unnecessarily the costs of certain settlement services . . . ."  12 U.S.C. § 2601(b).  Plaintiffs appear to allege that SunTrust violated RESPA by failing to provide them a "Special Information Booklet" and a "Controlled Business Arrangement (CBA) Disclosure" as required by RESPA.

---

16, 2010) (unpublished decision) (citing Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1278 (11th Cir. 1999) and quoting Fed. R. Evid. 201(b)).

[11] Furthermore, even if the transaction at issue were subject to rescission under TILA or HOEPA, as discussed *supra*, the undersigned finds that Plaintiffs have failed to allege facts showing that they are entitled to relief under those statutes.

16

Plaintiffs' claim that SunTrust failed to provide them a "Special Information Booklet" is governed by 12 U.S.C. § 2604. Section 2604(a) of 12 U.S.C. provides that "[t]he Secretary shall prepare and distribute booklets to help persons borrowing money to finance the purchase of residential real estate better to understand the nature and costs of real estate settlement services," and "[t]he Secretary shall distribute such booklets to all lenders which make federally related mortgage loans." The booklets must contain certain information set forth in the statute and "each lender shall include with the booklet a good faith estimate of the amount or range of charges for specific settlement services the borrower is likely to incur in connection with the settlement . . . ." 12 U.S.C. §§ 2604(b) and (c). RESPA, however, does not provide for a private cause of action for violations of 12 U.S.C. § 2604. See Collins v. FMHA-USDA, 105 F.3d 1366, 1367-68 (11th Cir.) (noting that 12 U.S.C. § 2604(c) does not explicitly authorize a private remedy and finding that there also is no "implied private civil remedy" under that section for failure to provide a good faith estimate), cert. denied, 521 U.S. 1144 (1997); see also Martin, 2010 U.S. Dist. LEXIS 88447, at *20 ("Courts have uniformly concluded that an individual cannot bring a civil action when a lender fails to provide [the special information] booklet because RESPA does not authorize such a suit." (listing cases)).

Plaintiffs also claim that SunTrust failed to provide them with a "Controlled Business Arrangement (CBA) Disclosure," as required by 12 U.S.C. § 2607(c)(4). Generally, 12 U.S.C. § 2607 "prohibits kickbacks and unearned fees

in exchange for the referral of real estate settlement service business." Spicer v. The Ryland Group, Inc., 523 F. Supp. 2d 1356, 1359 (N.D. Ga. 2007), aff'd, 294 F. App'x 434 (11th Cir. 2008).  However, "12 U.S.C. § 2607(c)(4) provides that a referral of settlement services to an associated business arrangement is not prohibited if . . . disclosure is made of the existence of the affiliated business relationship to the person referred and such person is provided a written estimate of the charge or range of charges generally made by the provider to which the person is being referred . . . ." Id. at 1360.

Although RESPA provides for a private right of action for violations of 12 U.S.C. § 2607 (see 12 U.S.C. § 2607(d)), such a claim must be brought within one year "from the date of the occurrence of the violation . . . ."  12 U.S.C. § 2614. Because the "date of the occurrence of the [alleged] violation" in this case was July 27, 2007, Plaintiffs were required to bring their § 2607 claim no later than July 27, 2008.  As they did not file that claim until March 18, 2010, it is barred by the applicable statute of limitations. See, e.g., Martin, 2010 U.S. Dist. LEXIS 88447, at *18-19 (finding plaintiff's claim that defendant did not provide "the Controlled Business Arrangement Disclosure required under 12 U.S.C. § 2607(c)(4)" was "barred by the one year statute of limitations" because the loan closed in August 2004 and the plaintiff "waited until March 2010 to bring the claim" (citing 12 U.S.C. § 2614)).

Accordingly, it is **RECOMMENDED** that SunTrust's motion to dismiss Plaintiffs' RESPA claim be **GRANTED**.

**D.    Produce the Note Claim**

Although it is not clear that Plaintiffs intended to bring this as a separate claim, Plaintiffs allege in their complaint that "Plaintiff(s) have asked that the Note Holder show proof by Original promissory note as to whom the real holder on [sic] due course is" and that "Suntrust Trust [sic] Mortgage, Inc. as the note holder and servicer do [sic] not have standing." (Doc. 1, Compl. at 2-3). However, Plaintiffs' "produce the note" argument "ha[s] been rejected by this court and by other courts." Watkins v. Beneficial, HSBC Mortg., No. 1:10-CV-1999-TWT-RGV, 2010 U.S. Dist. LEXIS 112857, at *15 (N.D. Ga. Sept. 1, 2010), adopted by 2010 U.S. Dist. LEXIS 112848 (N.D. Ga. Oct. 21, 2010). "In fact, nothing in Georgia law requires a lender commencing foreclosure proceedings to produce the original note." Id. (citing O.C.G.A. §§ 9-13-140 *et seq.*, 9-13-160 *et seq.*, and 44-14-160 *et seq.*, Webb v. SunTrust Mortg., Inc., No. 1:10-CV-0307-TWT-CCH, 2010 U.S. Dist. LEXIS 75443 (N.D. Ga. July 1, 2010), adopted by 2010 U.S. Dist. LEXIS 75432 (N.D. Ga. July 23, 2010); see also In re Truitt, 11 B.R. 15, 18 (Bankr. N.D. Ga. 1981) (finding that "the deed to secure debt held by Defendant is not unenforceable due to Defendant's failure to produce the note representing the underlying obligation").

Accordingly, it is **RECOMMENDED** that SunTrust's motion to dismiss Plaintiffs' "produce the note" claim, or any claim based on the alleged failure to produce the note, be **GRANTED**.

**E.    Other Claims**

In their "Prayer for Relief," Plaintiffs also assert that SunTrust violated "the FTC Act," "the ECOA'S Regulation B, and the FCRA . . . ." (Doc. 1, Compl. at 4). Plaintiffs have failed to allege any facts in support of such claims and they have failed to explain how SunTrust allegedly violated those statutes. Therefore, the undersigned finds that Plaintiffs have failed to state a claim upon which relief may be granted with respect to any such claims.

Accordingly, to the extent that Plaintiffs assert claims under any statute other than TILA, Regulation Z, HOEPA or RESPA, it is **RECOMMENDED** that those claims be **DISMISSED**.

### IV. Conclusion

For the reasons discussed above, it is **RECOMMENDED** that SunTrust Mortgage, Inc.'s motion to dismiss [Doc. 10] be **GRANTED** and that Plaintiffs' complaint be **DISMISSED**.

The Clerk is **DIRECTED** to terminate the referral of this action to the undersigned magistrate judge.

**IT IS SO REPORTED AND RECOMMENDED**, this 26th day of January, 2011.

*Susan S. Cole*
SUSAN S. COLE
United States Magistrate Judge